UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RONALD C. SMITH                                                                                          PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:08cv492 DPJ-JCS

CITIMORTGAGE, INC., ET AL                                                                         DEFENDANTS

ORDER

This dispute regarding mortgage payments is before the Court on Defendant CitiMortage, Inc.'s Motion for Partial Summary Judgment [41]; Amended Motion for Partial Summary Judgment [58]; and Motion for Summary Judgment [60]. The Court, having fully considered the parties' submissions and pertinent authorities, finds that Defendant's motions are due to be granted.

**I.     Facts and Procedural History**

Plaintiff Ronald Smith refinanced a home mortgage loan with ABN Amro in 2002. Prior to 2008, Defendant CitiMortgage acquired the loan and Smith began making payments directly to CitiMortgage at an Iowa address. However, Plaintiff's March 2008 mortgage payment was erroneously made out to Citibank and sent to a Citibank address in Nevada. Even if the payment had been mailed to the proper entity, the payment would have been insufficient in light of a recent increase in the escrow. In April 2008, CitiMortgage informed Plaintiff that it had not received his March 2008 payment and that his account was past due. Plaintiff never notified any consumer reporting agency of the dispute, but he did contact CitiMortgage to determine what happened to his check. There is no dispute in the record that once Plaintiff provided the front and back of the disputed check, CitiMortgage "fixed the problem immediately." Lynn Depo., attached as Exh. 2 to Defendant's Motion for Summary Judgment [60], at 59.

In July 2008, Plaintiff filed suit in the Circuit Court of Madison County, Mississippi, alleging that CitiMortgage violated the Fair Credit Reporting Act (FCRA) by failing to investigate his March 2008 payment and by reporting incorrect information to credit reporting agencies. The Complaint also asserts violations of the Fair Debt Collection Practices Act (FDCPA) and several state law causes of action. Defendant timely removed the action to this Court and has moved for summary judgment on all claims.

## II.     Analysis

### A.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must inform the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*,

276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In this case, Plaintiff failed to present any record evidence whatsoever. This deficiency in the response does not, however, allow the Court to grant summary judgment absent a finding that CitiMortgage has established that it is so entitled. *See Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond). Nevertheless, the absence of any record evidence presents two problems for Plaintiff under well-known summary judgment standards.

First, Plaintiff's submissions are replete with conclusory arguments and unsupported factual allegations. The Court will not attempt to catalog the many examples and will instead observe that "[a] mere allegation by the nonmovant that a dispute over material facts exists between the parties will not defeat a movant's otherwise properly supported motion for summary judgment." *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997). Second, to the extent Plaintiff relies on the record as submitted by Defendant (which is not apparent), he has wholly failed to direct the Court to those portions of the record that support his assertions. It is more than settled in this circuit that "the nonmovant must identify specific evidence *in the record* and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (emphasis added, citation omitted). Although the Court endeavored to consider the record as a whole, to the extent it may have missed something in Defendant's exhibits, it should be noted that district courts are "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes*, 282 F. App'x at 300 (citing *Ragas v. Tenn. Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

    B.    <u>Defendant's Motions for Summary Judgment</u>

        1.    FCRA Claim

Plaintiff avers in Count One of his Complaint that CitiMortgage failed to provide accurate information to the credit bureau and then failed to conduct an investigation after he informed Defendant that there had been a mistake. Complaint ¶ 12. This claim fails because Plaintiff never notified the credit reporting agency of the dispute and the remaining aspects of the claim are not subject to a private cause of action.

Starting with the alleged failure to investigate, CitiMortgage argued that the duty to investigate under 15 U.S.C. §1681s-2(b)(1) requires proof that the Plaintiff complied with the obligations of § 1681i(a)(1)(A) by reporting the dispute to a consumer reporting agency. *See* Defendant's Memo. [59] at 7. There is support for this position. *See, e.g., Ruth v. America's Servicing Group, U.S.,* Civil Action No. 07-0489, 2008 WL 1830182 (W.D. Pa. Apr. 23, 2008) (granting summary judgment when plaintiff failed to notify consumer reporting agency). Rather than contest this argument from a legal or factual basis, Plaintiff appears to abandon the investigation side of his FCRA claim stating only that he "does not assert that he complained to a consumer reporting agency." Plaintiff's Memo. [64] at 4. Defendant's position with respect to the investigation claim under FCRA is uncontested and otherwise appears well-taken.

After stating that he is not asserting an investigation claim, Plaintiff argues, "[i]nstead, he asserts that CitiMortgage knowingly submitted inaccurate information to the consumer reporting agencies and failed to correct the mistake when he notified them personally (multiple times) of

4

their error." *Id.*[1] Plaintiff then attempts to support this argument by exclusively relying on various subparts of §1681s-2(a) which reflect, *inter alia*, the duty to provide accurate information. *Id.* at 5-6. The problem is that §1681s-2(a) does not provide a private cause of action and may only be enforced by the Federal Trade Commission. *See* 15 U.S.C. § 1681s-2(d); *see also Olexy v. Interstate Assurance Co.*, 113 F. Supp. 2d 1045, 1047 (S.D. Miss. 2000) (observing that there "is no question but that there is no private right of action for a violation of subsection (a)") (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 269 n.5 (5th Cir. 2000)). Defendant is entitled to judgment as a matter of law as to Plaintiff's FCRA claims.

    2.    *FDCPA Claim*

The Complaint states that CitiMortage violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by failing to perform a proper investigation or report such an investigation to credit reporting agencies. Plaintiff's claim must fail because there is no record evidence that CitiMortgage was a "debt collector" as defined by the FDCPA.

Pursuant to 15 U.S.C. § 1692a, a "debt collector" is one who collects "debts owed or due or asserted to be owed or due another." As noted by the Fifth Circuit Court of Appeals, "[t]he term does not ordinarily include creditors who, directly or indirectly, try to collect debts owed them." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997). The statute does, however, provide the following exception: "[T]he term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a.

---

[1] This argument contains factual assertions that contradict the unrebutted record.

5

Plaintiff appears to invoke this exception by arguing that "*if* CitiMortgage attempted to collect the debt under the false name of CitiFinancial it would fall within the FDCPA under the false name exception." Plaintiff's Memo. [64] at 10 (emphasis added). However, Plaintiff offered no record evidence that CitiFinancial was involved in collecting the debt, and Defendants' Rule 30(b)(6) designee offered unrebutted testimony that CitiFinancial was not involved. *See* Lynn Depo., attached as Exh. 2 to Defendant's Motion for Summary Judgment [60], at 99. Plaintiff's assertion, which is no more than a hypothetical statement, is not sufficient to rebut Defendant's properly supported Rule 56 motion. *See TIG Ins.*, 276 F.3d at 759. Plaintiff's FDCPA claim is due to be dismissed.

    3.  *State Law Claims*

Plaintiff alleges multiple acts of negligent and intentional behavior related to the deposit of his March 2008 mortgage payment, including negligent failure to follow the FCRA (Count Two); intentional and negligent infliction of emotional distress (Counts Three and Four); violation of the covenant of good faith (Count Five); and negligence/gross negligence (Count Seven). Each state law claim fails for lack of evidence, and some are preempted by the FCRA, 15 U.S.C. §§ 1681h(e) and 1681t(b)(1)(F).

    a.  <u>Plaintiff's Negligence Claims</u>

Plaintiff claims in Count Two of his Complaint that Defendant negligently failed to follow the FCRA. He avers in Count Seven that Defendant was negligent for failing to "act reasonably under the circumstances," but he fails to identify the factual basis for the negligence in Count VII. Complaint ¶ 33. These claims are preempted.

6

Title 15 U.S.C. § 1681h(e) provides in relevant part that

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

Section 1681t(b)(1)(F) was added in the 1996 amendments holding furnishers liable and prohibits the assertion of any state law claim related to any subject matter regulated by "section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." Plaintiff attempts to overcome preemption in two primary ways, neither of which are persuasive.

First, Plaintiff attempts to differentiate the timing of the alleged acts, stating that acts committed before CitiMortgage reported to the consumer reporting agency should not be preempted. Plaintiff's Memo. [64] at 9. Although not entirely clear, Plaintiff appears to contend that CitiMortgage was negligent in failing to credit his account when the check was initially submitted and that this negligence occurred prior to the alleged FCRA violations. Plaintiff cites no authority for his contention that pre-reporting negligence evades preemption. Nevertheless, the Court need not address the issue, because there is no record evidence of any negligent conduct by CitiMortgage with respect to the receipt and handling of the disputed payment.

The undisputed record evidence demonstrates that Plaintiff's mortgage payment was mailed to the wrong corporate entity (Citibank), in the wrong state, and was for an inadequate amount. *See, e.g.*, Plaintiff's Depo., attached to Defendant's Motion for Partial Summary Judgment [41] as Exh. 1, at 79, 88, 90. Citibank is not a defendant in this case, and Plaintiff offers no record evidence that CitiMortgage was involved in the initial handling of the disputed

7

payment.² Thus, even if it would evade preemption, there is no evidence of negligence on the part of CitiMortgage with respect to the initial handling of the disputed payment.

Plaintiff next contends that his state law claims are not preempted if the furnisher provided the information willfully or maliciously. Section 1681h(e) expressly provides this exception, but Plaintiff failed to support the argument with evidence. This portion of Plaintiff's response references a number of "undisputed" facts which he claims prove willful or malicious conduct. These "facts" are not reflected in the record before the Court. Instead, the record reflects that Plaintiff sent his check to the wrong entity and that once he sent a copy of the disputed check to CitiMortgage, Defendant "fixed the problem immediately." Lynn Depo., attached as Exh. 2 to Defendant's Motion for Summary Judgment [60], at 59.

Plaintiff has failed to create a question of fact as to whether CitiMortgage acted willfully or maliciously, and his negligent reporting claims are therefore preempted. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) ("The FCRA preempts state law . . . negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him).³ Finally, even if the negligence claims could survive preemption, Plaintiff has provided no record evidence demonstrating breach of duty.

---

² Plaintiff makes no effort to satisfy what would be his burden of establishing through "some credible evidence" that the corporate veil should be pierced to establish liability on that basis. *See Rosson v. McFarland*, 962 So. 2d 1279, 1285 (Miss. 2007) (providing elements for piercing the veil under Mississippi law)

³ The Court notes that courts differ on the scope of FCRA's preemption provisions. *See, e.g.. Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003); *Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002). Because Plaintiff has not offered any evidence suggesting that CitiMortgage's conduct was willful or malicious, the Court declines to determine the extent of § 1681t(b)(1)'s application in the present matter.

b. <u>Plaintiff's Bad Faith Claim</u>

In Count Five of his Complaint, Plaintiff avers that CitiMortgage breached the duty of good faith and fair dealing, acting instead in bad faith. "The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness. Bad faith, in turn, requires a showing of more than bad judgment or negligence; rather, bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity." *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 987 (Miss. 2004) (citations omitted). Defendant claims that Plaintiff has not offered any evidence to meet this standard.

In an effort to avoid summary judgment of his bad faith claim, Plaintiff again relies on conduct related to the initial handling of the disputed check. For the reasons stated above, this fails to establish bad faith on the part of CitiMortgage. Plaintiff also contends that he provided multiple copies of the check to CitiMortgage, that CitiMortgage thereafter failed to correct its report, and that CitiMortgage engaged in abusive collection tactics despite Plaintiff's efforts. Again though, Plaintiff submitted no record evidence whatsoever. *See TIG Ins.*, 276 F.3d at 759 (observing that unsupported assertions are not competent summary judgment evidence). Finally, although Plaintiff did not cite any of Defendant's exhibits as supporting his assertions, the Court nevertheless reviewed the record on his behalf. That review revealed no support for Plaintiff's factual claims and no evidence that would create a question of fact as to a prima facie case of bad faith under Mississippi law. Plaintiff's bad faith claim is due to be dismissed.

c. Plaintiff's Emotional Distress Claims

Plaintiff claims intentional infliction of emotional distress in Count Three of his Complaint. "To justify a finding that this tort has occurred, the defendant's conduct must be

9

'wanton and wilful and . . . evoke outrage or revulsion.'" *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (citing *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995)). The Mississippi Supreme Court has observed that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. (citation omitted). Moreover, "[i]t is not enough that a plaintiff dislike a defendant's acts, a plaintiff must show that a defendant intentionally and maliciously sought to do the plaintiff harm." *Sumler v. East Ford, Inc.*, 915 So. 2d 1081, 1089 (Miss. Ct. App. 2005) (citation omitted). As noted in *Speed*, "meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." 787 So. 2d at 630. The record in the present case fails to reflect any evidence capable of creating a question of fact for the jury as to the elements of this claim.

Plaintiff's claim for negligent infliction of emotional distress is found in Count Four of his Complaint. That count incorporates the factual allegations of Paragraphs 11 through 15 of the Complaint and then states that "[a]s a result of CitiMortgage's actions, Plaintiff has suffered emotional distress." Complaint ¶¶ 22, 23. Review of Paragraphs 11 through 15 reveals that they relate almost exclusively to alleged violations of FCRA, and the Court finds that all such claims are preempted. *See* § II(B)(3)(a) above.

Even if the negligent infliction of emotional distress claim survived preemption, it would fail for lack of evidence. To state such a claim, Plaintiff must show "a resulting physical illness or assault upon the mind, personality or nervous system of the plaintiff which is medically cognizable and which requires or necessitates treatment by the medical profession.'" *Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 4 (Miss. 2007) (citing *Leaf River Forest Prods.,*

10

*Inc.*, 662 So.2d at 658). Moreover, "a plaintiff may not recover damages for emotional distress without showing a physical manifestation of injury or demonstrable harm." *Id*.

Plaintiff asserts that he was "forced to watch helplessly as his carefully protected credit rating was battered and his financial stability diminished causing him emotional harm." Plaintiff's Memo. [66] at 6. However, he has offered no evidence of the "sort of physical manifestation of injury or demonstrable physical harm" necessary to survive summary judgment. *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 65 (Miss. 2004).

### 4. *Declaratory and Injunctive Relief*

Finally, the Complaint seeks various forms of declaratory and injunctive relief in Counts Eight and Nine. As an initial matter, Plaintiff's requests for declaratory and other injunctive relief are extremely vague and appear to be moot in light of the undisputed fact that CitiMortgage "fixed the problem" after receipt of Plaintiff's documentation. Moreover, there is no record evidence demonstrating Plaintiff's entitlement to either form of relief. Finally, in response to CitiMortgage's contention that such relief is not permitted under the FCRA, Plaintiff asserts that "relief is certainly allowed for Mr. Smith's state law claims of negligence and willful conduct." Plaintiff's Memo. [64] at 11. Those claims have been dismissed, and Counts Eight and Nine are likewise dismissed.

## III. Conclusion

For the foregoing reasons, the Court finds that Defendant's motions for partial summary judgment [41, 58] and motion for summary judgment [60] are due to be granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2009.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE